UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KELVIN LOVETT,
    Plaintiff,

vs.

BYRON BARNEY, *et al.*,
    Defendants.

Case No. 1:15-cv-24

Barrett, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

    Plaintiff, an inmate at the Ohio State Penitentiary (OSP) and former inmate at the Southern Ohio Correctional Facility (SOCF), appearing pro se, brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by SOCF employees.

    This matter is before the Court on the motion to dismiss of defendants Lt. R. Setty and the State of Ohio, on behalf of Officer B. Barney[1] (Doc. 10), plaintiff's response in opposition (Doc. 13), and defendants' reply memorandum (Doc. 22).  This matter is also before the Court on: (1) plaintiff's motion for an extension of time to respond to defendants' motion to dismiss (Doc. 20); (2) plaintiff's motion for a hearing on defendants' motion to dismiss (Doc. 26) and defendants' response in opposition (Doc. 28); (3) plaintiff's motion for the interested party to accept service on behalf of defendant Barney and the John Doe defendants (Doc. 14) and defendants' response in opposition (Doc. 21); (4) plaintiff's motion for appointment of counsel (Doc. 19) and defendants' response in opposition (Doc. 24); and (5) plaintiff's motion for a

---

[1]Plaintiff's complaint names Bryon Barney, Lt. Setty, and "John Doe" as defendants in this matter.  (Doc. 3).  Summons were issued on behalf of defendants Barney and Lt. Setty on January 20, 2015.  (Doc. 4).  Defendant Lt. Setty was served on January 28, 2015.  (Doc. 12).  On March 20, 2015, the summons for defendant Barney was returned as unexecuted with the following notation: "RETURN TO SENDER – NOT DELIVERABLE AS ADDRESSED."  (Doc. 23).  On February 19, 2015, however, Assistant Attorney General Debra Gorrell Wehrle entered an appearance for the State of Ohio as an interested party on behalf of defendant Barney.  (Doc. 9).

hearing on his motion for appointment of counsel (Doc. 25) and defendants' response in opposition (Doc. 27).

## I. Plaintiff's Motion for an Extension of Time (Doc. 20)

Plaintiff seeks an extension of time by which to respond to defendants' motion to dismiss "only if [his] opposition which was filed on (sent out through prison mail system) February 23, 2015, was not received by the Court." (Doc. 20). The Court received plaintiff's response in opposition to defendants' motion to dismiss on February 26, 2015. *See* Doc. 13. Accordingly, plaintiff's motion for an extension of time (Doc. 20) is **DENIED** as moot.

## II. Plaintiff's Motion for the State of Ohio to Accept Service (Doc. 14)

Service of process on defendant Barney was returned unexecuted. (Doc. 23). Nevertheless, the Ohio Attorney General entered an appearance in this matter for the State of Ohio as an interested party on behalf of defendant Barney. (Doc. 9).

Plaintiff asserts that as a prisoner he is without knowledge as to defendant Barney's address and is therefore unable to serve defendant Barney with a summons and complaint in this matter. (Doc. 14). Plaintiff requests that Ms. Wehrle or the State of Ohio either "make [defendant] Barney available, or [accept plaintiff's] complaint and summons on [defendant] Barney's behalf." (*Id*. at 2-3). Plaintiff further requests that defendants provide him photographs of SOCF Correctional Officers Easter and A. Glien, as plaintiff believes one of these two individuals is the "John Doe" defendant in this case. (*Id*. at 3). Plaintiff also requests that Ms. Wehrle or the State of Ohio also accept service of process on behalf of the "John Doe" defendant. (*Id*.).

Defendants oppose plaintiff's motion. First, defendants contend plaintiff's request for waiver of service does not comport with Rule 4 of the Federal Rules of Civil Procedure which

requires, among other things, that plaintiff's waiver request be submitted in writing along with "2 copies of a waiver form" and that plaintiff "give the defendant a reasonable time of at least 30 days after the request was sent . . . to return the waiver. . . ." Fed. R. Civ. P. 4(d)(1)(A), (C), and (F). Second, defendants assert it is unnecessary to resolve the lack of service on defendant Barney given defendants' pending motion to dismiss which, if successful, obviates plaintiff's need to effect service of process on defendant Barney and the "John Doe" defendant. (Doc. 21).

As stated *infra*, the undersigned recommends that defendants' motion to dismiss be denied. Accordingly, the issue of effecting service of process on defendant Barney is ripe.

The unexecuted summons for defendant Barney was mailed to "SOCF, 1724 St. Rt. 728, Lucasville, Ohio, 45699" and was marked "Return to Sender – Not Deliverable as Addressed." (Doc. 23). The summons that was successfully served on defendant Lt. Setty was delivered to the same address. (Doc. 12). It therefore appears this is not a matter of plaintiff submitting a wrong address but that defendant Barney may no longer be employed at SOCF.

Recognizing that plaintiff is a prisoner and for security reasons cannot obtain the home addresses of prison personnel, the Court orders the Ohio Attorney General, within twenty (20) days, to state whether defendant Byron Barney is an employee of SOCF and, if not, submit *in camera* the home address of defendant Barney, if available. The Court shall then instruct the United States Marshal Service to attempt service of process on defendant Barney without disclosing the home address to plaintiff. As this process should result in defendant Barney receiving proper service, plaintiff's motion for the interested party to accept service on behalf of defendant Barney and the John Doe defendant (Doc. 14) is **DENIED** as moot. To the extent plaintiff seeks information regarding the name of the John Doe defendant plaintiff must utilize the discovery procedures set forth in the Federal Rules of Civil Procedure.

### III. Plaintiff's Motions for Appointment of Counsel and for a Hearing (Docs. 19, 25)

Plaintiff moves the Court under 28 U.S.C. § 1915 to appoint counsel on his behalf in this matter. Plaintiff asserts his ability to investigate and prosecute his claims are hampered because he is indigent and a prisoner. Plaintiff further contends that he must rely on defendants' co-workers to properly forward his legal mail in order to prosecute this lawsuit. (Doc. 19). In addition, plaintiff requests a hearing on his motion for appointment of counsel. (Doc. 25).

Plaintiff's motion for appointment of counsel is ripe for review and the parties' memoranda have been reviewed by the Court. The issues presented in plaintiff's motion for appointment of counsel are not novel or complex. As oral argument would not assist the Court in its determination, *see* S.D. Ohio Civ. R. 7.1(b)(2), plaintiff's request for oral argument on his motion to appoint counsel (Doc. 25) is **DENIED**.

The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id*. at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. Therefore, plaintiff's motion for appointment of counsel (Doc. 19) is **DENIED**.

## IV. Plaintiff's Motion for a Hearing on Defendant's Motion to Dismiss (Doc. 26)

Plaintiff requests a hearing on defendants' motion to dismiss his complaint for failure to exhaust his administrative remedies. Plaintiff asserts defendants have misrepresented several key facts in their memoranda in support of their motion to dismiss. Specifically, plaintiff contends defendants misrepresent that plaintiff did not exhaust his administrative remedies because, in actuality, the Ohio Department of Rehabilitation and Correction (ODRC) failed to respond to his grievance. Plaintiff requests the hearing to submit evidence in support of his underlying claim – that he was physically assaulted by defendant Barney. Plaintiff supports his motion with his own affidavit wherein he sets forth the unconstitutional conduct allegedly committed by defendant Barney and his subsequent medical care, as well as a copy of a September 17, 2014 Conduct Report ostensibly completed by defendant Barney regarding the incident which forms the basis of plaintiff's complaint. (Doc. 26).

Defendants oppose plaintiff's request for a hearing on their motion to dismiss. Defendants assert that a hearing is unnecessary because the Court may not consider materials outside of the complaint in ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss. Defendants additionally maintain that the evidence submitted by plaintiff in connection with his motion for a hearing establishes that plaintiff's complaint relates to a decision from the Rules Infraction Board, a non-grievable matter, and provides further support for granting defendants' motion to dismiss. (Doc. 28).

"Matters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997). Therefore, plaintiff may not introduce additional evidence in support of the allegations set forth in his complaint. This is especially true in this case as defendants' motion to dismiss relates to

whether plaintiff exhausted his administrative remedies prior to filing this lawsuit and not to the sufficiency of his factual allegations. In addition, the issues underlying defendants' motion to dismiss are not complex and they have been fully briefed by the parties. Pursuant to S.D. Ohio Civ. R. 7.1(b)(2), the Court therefore finds that oral argument would not be helpful and plaintiff's request for a hearing on defendants' motion to dismiss is **DENIED**.

## V. Defendants' Motion to Dismiss (Doc. 10)

Defendants move to dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) on the basis that plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. (Doc. 10).

### A. Background

Plaintiff alleges that on September 17, 2014, SOCF Correctional Officer Byron Barney came to plaintiff's cell to strip search him prior to his participation in recreation. (Doc. 3, ¶¶ 8-9). Plaintiff alleges that he was handcuffed and placed in leg shackles by defendant Barney and laid alongside five to seven other inmates. (*Id.*, ¶¶ 10-11). Plaintiff and these other inmates were handcuffed together to form a "rec-chain." (*Id.*, ¶ 11). Plaintiff alleges that the "rec-chain" was directed to walk outside to the "rec-cages" and, once outside, defendant Barney released each inmate from the "rec-chain." (*Id.*, ¶ 16). Plaintiff alleges that defendant Barney was outside alone with approximately 12 to 17 inmates after several other Correctional Officers went inside. (*Id.*). Plaintiff alleges that defendant Barney instructed plaintiff to walk into an area away from the other inmates. (*Id.*, ¶¶ 22-23). Plaintiff alleges that after he was separated from the other inmates but still handcuffed and shackled, defendant Barney assaulted him by punching him in his face, slamming him to the ground, and smashing his face into the ground multiple times. (*Id.*, ¶¶ 24-27). Plaintiff further alleges that defendant Barney roughly attempted to take his

handcuffs off and then smashed his head on the ground several more times. (*Id.*, ¶¶ 28-30). Plaintiff alleges defendant Barney then brought plaintiff to his feet, rammed plaintiff into the wall of the "rec-cage," and began to escort plaintiff out of the recreation area. (*Id.*, ¶¶ 31, 32, 34). Plaintiff alleges he suffered multiple injuries as a result of defendant Barney's use of force against him. (*Id.*, ¶¶ 24-36). Plaintiff alleges defendant "John Doe," another SOCF Correctional Officer, then took control of plaintiff and severely injured plaintiff's right wrist. (*Id.*, ¶ 34) Plaintiff alleges defendant "John Doe" then handed plaintiff off to defendant Lt. Setty, who likewise injured plaintiff. (*Id.*, ¶ 36).

Plaintiff alleges that he employed the prisoner grievance procedure available at SOCF to report the above abuse. Plaintiff alleges that he received a response to his report on October 9, 2014, representing that the incident would be investigated by the Use of Force Committee. Plaintiff further alleges that his Notification of Grievance was denied by the Institutional Inspector on October 23, 2014. Plaintiff alleges that he made his final appeal to the Chief Inspector on October 24, 2014, and as of the date of writing his complaint, December 1, 2014, he had yet to receive a response.[2] (*Id.*, ¶ 40). Plaintiff's complaint is verified and therefore has the same force and effect as an affidavit under 28 U.S.C. § 1746.[3]

Plaintiff has submitted the following as attachments to his complaint: (1) a copy of the Informal Complaint Resolution (ICR) form he completed on September 24, 2014, regarding defendants' alleged unconstitutional use of force, which includes a response by an SOCF staff member (Doc. 3, Ex. 1 at 1, Informal Complaint Resolution); (2) the Notification of Grievance form plaintiff completed on October 9, 2014 (*Id.* at 2, Notification of Grievance); (3) the

---

[2] Plaintiff initiated this action on January 14, 2015, when he filed his application for *in forma pauperis* status. (Doc. 1).

[3] Plaintiff's complaint provides "I certify under penalty of perjury that the foregoing is true and correct." (*Id.* at 15).

Disposition of Grievance dated October 23, 2014, that plaintiff received in response to his Notification of Grievance (*Id.* at 3, Disposition of Grievance); and (4) the Appeal to the Chief Inspector form completed by plaintiff dated October 24, 2014 (*Id.* at 4, Appeal to the Chief Inspector).  Plaintiff has also submitted a copy of a December 1, 2014 kite that he submitted to obtain information on the status of the Use of Force investigation into his initial ICR.  (*Id.* at 5). The December 2, 2014 response on the kite indicates that plaintiff would be provided with more information when "Captain Clagg comes back to work."  (*Id.*).[4]

Defendants move to dismiss plaintiff's complaint asserting that plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit.  In support, defendants cite to plaintiff's allegations as set forth in his verified complaint that he filed his complaint with the Court before receiving a response from the Chief Inspector to his Appeal.  Defendants maintain that given plaintiff's admission that he did not properly exhaust his administrative remedies, his suit should be dismissed pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).  (Doc. 10).  Defendants further argue dismissal is appropriate because they are entitled to qualified immunity based on plaintiff's failure to exhaust.

In response, plaintiff argues that defendants' motion to dismiss should be denied because he attempted to exhaust his administrative remedies by utilizing the ODRC grievance process.  Plaintiff maintains, however, that SOCF officials failed to provide a timely response to his Appeal to the Chief Inspector which effectively deprived him of the ability to exhaust his administrative remedies.  Plaintiff asserts that SOCF officials have purposefully delayed their response to his Appeal in order to deprive him of his right to bring the instant lawsuit.  (Doc. 13).

---

[4]The Court may consider documents attached to the complaint in ruling on a motion to dismiss raised under Fed. R. Civ. P. 12(b)(6). *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001). *See also Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) ("documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss.").

B. Standard

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff.  *Scheuer v. Rhodes,* 416 U.S. 232, 236, (1974).  *See also Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  To avoid dismissal for failure to state a claim for relief, plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  While the Court must accept all well-pleaded factual allegations as true, it need not "accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.

Although plaintiff need not plead specific facts, his statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted). Plaintiff's factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. *Twombly*, 550 U.S. at 556. This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

C. Resolution

Exhaustion of administrative remedies "is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). "[A] prisoner confined in any jail, prison, or other correctional facility" is barred from filing a lawsuit alleging constitutional violations under 42 U.S.C. § 1983 "or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532.

The PLRA exhaustion requirement means prisoners must carry out "proper exhaustion" of a grievance. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). To properly exhaust a claim, prisoners must "tak[e] advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the

first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford*, 548 U.S. at 90). "Proper exhaustion [further] demands compliance with an agency's deadlines . . . ." *Woodford*, 548 U.S. at 90.  Proper exhaustion serves the necessary interest of providing "fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *LaFountain v. Martin*, 334 F. App'x 738, 740 (6th Cir. 2009) (citing *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006).

Failure to exhaust is an affirmative defense under the PLRA which must be established by the defendant. *Napier v. Laurel County, Ky.*, 636 F.3d 218, 225 (6th Cir. 2011) (citing *Bock*, 549 U.S. at 204; *Vandiver v. Corr. Med. Serv., Inc.*, 326 F. App'x 885, 888 (6th Cir. 2009)).

The procedure established for resolving inmate complaints in Ohio, codified in Ohio Admin. Code § 5120-9-31, involves a three-step process.  First, the inmate is required to file an informal complaint with the direct supervisor of the staff member within fourteen days of the event giving rise to the complaint. Ohio Admin. Code § 5120-9-31(K)(1).  Second, if the inmate is unsatisfied with the response to his informal complaint he may file a formal grievance with the inspector of institutional services at his institution of confinement. Ohio Admin. Code § 5120-9-31(K)(2).  The inspector of institutional services is required to provide a written response to the inmate's grievance within fourteen calendar days of receipt of the grievance. *Id.*  If the inmate is dissatisfied with the response, he may undertake the third step of the grievance process and file an appeal to the office of the ODRC Chief Inspector within fourteen days of the disposition of the formal grievance. Ohio Admin. Code § 5120-9-31(K)(3).  The Chief Inspector is to provide a written response within 30 calendar days of receiving an appeal, unless he extends the time frame for good cause and notifies the inmate. *Id.*  A decision of the Chief Inspector is final and concludes the grievance process. *Id.*

Here, plaintiff's allegations as set forth in his verified complaint, as well as the exhibits attached to his complaint, establish that he completed Steps One and Two of Ohio's grievance process. As required under Step One of the process, plaintiff filed an ICR on September 24, 2014, complaining of defendants' alleged unconstitutional use of force against him. (Doc. 3, ¶ 40; Doc. 3, Ex. 1 at 1). Plaintiff was apparently unsatisfied with the response to his informal complaint and filed a Notification of Grievance with the Inspector of Institutional Services on October 9, 2014, as required under Step Two of Ohio's inmate grievance procedure. (Doc. 3, ¶ 40; Doc. 3, Ex. 1 at 2). Upon receiving an unsatisfactory response to his Notification of Grievance on October 23, 2014, plaintiff proceeded to Step Three of the grievance process and filed an Appeal to the Chief Inspector on October 24, 2014. (Doc. 3, ¶ 40; Doc. 3, Ex. 1 at 3-4). On January 14, 2015, plaintiff filed this lawsuit even though he had not yet received a decision from the Chief Inspector. (Doc. 3, ¶ 40). *See also* Doc. 13 at 2. Defendants contend that because the Chief Inspector had not responded to plaintiff's appeal before he filed his complaint, plaintiff failed to complete Step Three of the grievance process and to exhaust his administrative remedies. The Court disagrees.

The ODRC Chief Inspector did not respond to plaintiff's Appeal within 30 days as required by Ohio Admin. Code § 5120-9-31(K)(3). Plaintiff submitted a kite on December 1, 2014, inquiring about the Appeal and was told that he would be further updated when "Captain Clagg comes back to work." (Doc. 3, Ex. 1 at 5). Plaintiff waited for a response from the Chief Inspector for almost six additional weeks and, still having received none, initiated this lawsuit on January 14, 2015. (Doc. 1).

Pursuant to Ohio Admin. Code § 5120-9-31(K)(3), the Chief Inspector was required to provide a written response within thirty calendar days of the receipt of plaintiff's appeal.

Plaintiff states and defendants do not dispute that the Chief Inspector did not respond to plaintiff's grievance within the thirty day period and had still failed to respond to the grievance at the time defendants filed their motion to dismiss - nearly 60 days beyond the prescribed period. The Sixth Circuit has held that "administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance." *Boyd v. Corr. Corp. of America*, 380 F.3d 989, 996 (6th Cir. 2004). The Sixth Circuit and this Court, as well as other federal courts, distinguish the failure to exhaust from instances where prisoner-plaintiffs did not file their federal suits until after prison officials failed to provide responses within the time limits set forth by the applicable grievance procedure. *See id*, 380 F.3d at 996 (citing *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ( "[W]e agree that the failure to respond to a grievance *within the time limits contained in the grievance policy* renders an administrative remedy unavailable [.]"), and *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999) (per curiam) ("A prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed *and the state's time for responding thereto has expired*.") (emphasis added)). *See also Billups v. Ozmint*, No. 8:09-2560, 2010 WL 4386949, at *2 (D.S.C. Sept. 30, 2010) ("These cases seem to be limited to instances where the plaintiff files an action after the time to respond has elapsed and no response has been received."); *Ketzner v. Douglas*, No. 08-cv-13299, 2009 WL 1655004, at *2 (E.D. Mich., June 11, 2009) (finding exhaustion where the plaintiff filed his federal action after the time for the chief inspector to respond had expired); *Taylor v. Doctor McWeeney*, No. 1:05-cv-155, 2005 WL 1378808, at *2 (S.D. Ohio May 27, 2005) (finding exhaustion where chief inspector failed to respond to appeal within months of indicating that additional time would be needed) (Report and Recommendation), *adopted*, (S.D. Ohio Oct. 27, 2005) (Dlott, J.). Based on the record before the Court, plaintiff complied with the exhaustion requirement of the PLRA by waiting until after

-13-

the time had elapsed for a response to his administrative appeal before seeking relief from this Court.

Accordingly, defendants are not entitled to judgment in their favor because plaintiff did not fail to exhaust his administrative remedies and their motion to dismiss should be **DENIED**.[5]

## VI. Conclusion

For the reasons stated above, plaintiff's motion for an extension of time (Doc. 20) is **DENIED** as moot; plaintiff's motion for Interested Party, the State of Ohio, to accept service on behalf of defendant Barney and the John Doe defendant (Doc. 14) is **DENIED** as moot; plaintiff's motion for a hearing on defendants' motion to dismiss (Doc. 26) is **DENIED**; and plaintiff's motion for appointment of counsel and motion for a hearing on his motion for appointment of counsel (Docs. 19, 25) are **DENIED**. The Ohio Attorney General is **ORDERED** to state whether defendant Byron Barney is an employee of SOCF and, if not, to submit *in camera* the home address of defendant Byron Barney as stated herein.

Further, **IT IS RECOMMENDED** that defendants' motion to dismiss plaintiff's complaint for failure to exhaust his administrative remedies (Doc. 10) be **DENIED** for the reasons stated herein.

Date: _8/5/15_

Karen L. Litkovitz
United States Magistrate Judge

---

[5]Defendants further assert plaintiff's case must be dismissed because they are entitled to qualified immunity. *See* Doc. 10 at 6-7. Defendants' argument in favor of qualified immunity hinges entirely on their assertion that plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. As the undersigned finds that plaintiff exhausted his administrative remedies for the reasons stated above, defendants' argument that they are entitled to qualified immunity is not well-taken.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KELVIN LOVETT,                                    Case No. 1:15-cv-24
      Plaintiff,

                                                  Barrett, J.
    vs.                                           Litkovitz, M.J.

BYRON BARNEY, *et al.*,
      Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.  This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).