UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KELVIN LOVETT,

    Plaintiff,

v.

BYRON BARNEY, et al.,

    Defendants.

CASE NO.: 1:15-cv-24

Barrett, J.
Litkovitz, M.J.

## OPINION AND ORDER

Before the Court is the August 5, 2015 Report and Recommendation of the Magistrate Judge ("Report"). (Doc. 29). In the Report, the Magistrate Judge recommends denying the motion to dismiss of defendants Lt. R. Setty and the State of Ohio, on behalf of Officer B. Barney[1]. (Doc. 10).[2] Notice was given to the parties pursuant to Fed. R. Civ. P. 72(b). (Doc. 29, PageId 153). Defendants have filed partial objections to the Report (Doc. 31) and plaintiff has filed a response to those partial objections (Doc. 33). This matter is now ripe for review.

**I.   LEGAL STANDARDS**

    **A.   Standard of Review**

When objections are received in response to a report and recommendation on a dispositive motion, the assigned district judge "must determine de novo any part of the

---

[1] As indicated in the Report (Doc. 29, PageId 139 n.1), the Assistant Attorney General Debra Gorrell Wehrle entered an appearance for the State of Ohio as an interested party on behalf of defendant Barney.

[2] In that same filing, the Magistrate Judge denied as moot plaintiff's motion for an extension of time (Doc. 20) and plaintiff's motion for Interested Party, the State of Ohio, to accept service on behalf of defendant Barney and the John Doe defendant (Doc. 14); denied plaintiff's motion for a hearing on defendants' motion to dismiss (Doc. 26) and plaintiff's motion for appointment of counsel and motion for a hearing on his motion for appointment of counsel (Docs. 19, 25); and ordered the Ohio Attorney General to state whether defendant Barney is an employee of SOCF and, if not, to submit *in camera* the home address of defendant Barney as stated therein. (Doc. 29, PageId 152). None of those rulings are subject to any objections by defendants here.

1

magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

### B. Rule 12(b)(6)

"[T]o survive a motion to dismiss[,] a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). In reviewing a motion to dismiss, the Court must "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).

### C. PLRA

Exhaustion of administrative remedies "is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)); *see also* 42 U.S.C. § 1997e(a). "The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general

circumstances or particular episodes and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532.

The PLRA requires "proper exhaustion" of a grievance. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). To properly exhaust a claim, prisoners must "tak[e] advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford*, 548 U.S. at 90). The procedure for resolving inmate complaints in Ohio is codified in Ohio Admin. Code § 5120-9-31 and involves a three-step process that has been set forth fully in the Report (Doc. 29, PageId 149).

The failure to exhaust administrative remedies is an affirmative defense under the PLRA that must be established by the defendant. *Napier v. Laurel County, Ky.*, 636 F.3d 218, 225 (6th Cir. 2011) (citing *Jones v. Bock*, 549 U.S. 199, 204 (2007); *Vandiver v. Corr. Med. Serv., Inc.*, 326 F. App'x 885, 888 (6th Cir. 2009)).

## II.  ANALYSIS

The Report recommends denying defendants' motion to dismiss plaintiff's complaint, which motion is based upon plaintiff's alleged failure to exhaust Step Three of the administrative grievance process because the Chief Inspector had not responded to plaintiff's Appeal before he filed his complaint in this court. The Report finds that plaintiff timely filed his grievances at Steps One, Two, and Three of the grievance process as demonstrated by the verified complaint and the exhibits attached to the complaint. Although the Report recognizes that plaintiff had not received a response to his Appeal (Step Three) from the Chief Inspector at the time he filed this lawsuit, it reasons that the Chief Inspector failed to respond to plaintiff's Appeal within 30 days

as required by Ohio Admin. Code § 5120-9-31(K)(3), that the response to the kite submitted by plaintiff more than 30 days after his Appeal was that he would be further updated when "Captain Clagg comes back to work," and that plaintiff waited an additional six weeks for a response from the Chief Inspector before initiating this lawsuit.  Under those facts and Sixth Circuit precedent, plaintiff had exhausted his administrative remedies.  Because defendants' additional argument that they are entitled to qualified immunity hinged entirely on the unsuccessful argument that plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit, the qualified immunity argument was not well taken.

Defendants raise two objections to the Report, which are addressed below.

**A. First Objection**

Defendants object to the Report on the basis that the Magistrate Judge erred in finding the grievance process exhausted against the named defendants because plaintiff's grievances at Step Two and Step Three related to the actions of the Rules Infractions Board ("RIB") rather than the actions of the named defendants.  Defendants reason that because the Rules Infraction Board is a non-grievable entity under the PLRA and because the grievances do not concern the named defendants, plaintiff has failed to exhaust his administrative remedies.

Defendants' objection is not well taken for two reasons.  First, defendants did not originally move to dismiss plaintiff's complaint on this ground.  Defendants indeed acknowledge in their objections that the argument was raised only in a set of briefings relating to a motion filed by plaintiff, which is separate and distinct from defendants' motion to dismiss.  Instead, defendants originally moved to dismiss plaintiff's complaint only on the ground that plaintiff failed to exhaust his administrative remedies because he filed his lawsuit before receiving a response from the Chief Inspector on his Appeal.  Because the failure to exhaust administrative

remedies due to grieving only the RIB's actions was not presented to the Magistrate Judge in the motion to dismiss, or the reply, as a ground for dismissal, the argument may be deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (recognizing that parties may not "raise at the district court stage new arguments or issues that were not presented to" the magistrate judge and that failure to raise those issues or arguments before the magistrate judge constitutes waiver).[3]

Second, defendants' argument fails to consider the entirety of Ohio's procedures for resolving inmate complaints and the totality of plaintiff's Step Two and Step Three grievances.[4] The final sentence of Ohio Admin. Code § 5120-9-31(B) upon which defendants rely to argue that the RIB proceeding is not grievable provides: "Complaints which present allegations which fall, in part, within the scope of paragraph (A) of this rule [outlining the nature of the complaints that may be addressed through the inmate grievance process] and in part within this paragraph [outlining the nature of the complaints that may not be addressed through the inmate grievance process] *will be considered to the extent they are not excluded under this paragraph*." As such, when a grievance includes allegations that fall under paragraph (A) and paragraph (B), those complaints that are not barred by paragraph (B) will be considered despite being mixed with allegations that are barred by paragraph (B).

Here, the first sentence of Plaintiff's Notification of Grievance (Step Two) indicates that he was fully incorporating word-for-word his complaints raised in the Informal Complaint Resolution ("ICR"). (Doc. 3-1, PageId 46). Importantly, Defendants do not dispute that plaintiff

---

[3] The magistrate judge was not required to infer that defendants intended to make those arguments even though they were not mentioned in even a perfunctory manner in the briefings on the motion to dismiss or to otherwise *sua sponte* consider those arguments made in briefings on separate motions in ruling on defendants' motion to dismiss. It is defendants' burden, not the magistrate judge's burden, to raise and establish the affirmative defense.

[4] The Court may consider documents attached to the complaint in ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

raised specific complaints against the named defendants in the ICR. His re-incorporation of those claims thus indicates he made affirmative efforts in the Notification of Grievance ("NOG") to raise the grievable issues concerning the named defendants. The disposition of the Notification of Grievance further indicates an understanding that plaintiff was grieving more than the RIB proceeding, as it acknowledged in multiple places that the Notification of Grievance concerned the RIB proceeding as well as a reported use of force. (Id.). It further acknowledged that plaintiff was alleging a failure to protect and deliberate indifference, and that he expected to fully exhaust his administrative remedies on these issues. (Id.).

The same is true of the Appeal to the Chief Inspector (Step Three). (Doc. 3-1, PageId 47). In the first sentence of the Appeal, plaintiff wrote: "I fully reinstate each word within each part of the grievance process i.e. ICR (enclosed) [and] NOG." (Id.). Again, Defendants do not dispute that plaintiff raised specific complaints against the named defendants in the ICR that is incorporated by reference into the Appeal. Plaintiff's re-incorporation of those claims thus indicates he made affirmative efforts in the Appeal to raise the issues concerning the named defendants. Defendants do not address the effect of those incorporation sentences on exhaustion and make no attempt to demonstrate their insufficiency in regards to exhaustion.

As for any objection concerning the premature filing of this lawsuit, the undersigned agrees with the analysis set forth in the Report. Under Ohio Rev. Code § 5120-9-31(K)(3), the Chief Inspector is required to respond to inmate appeals within thirty days. Defendants do not dispute that Plaintiff has failed to show the Chief Inspector did not respond to his Appeal within thirty days. Nor do defendants argue that the Chief Inspector extended the time to respond with notice to the inmate as required by Ohio Admin. Code § 5120-9-31(K)(3). Instead, the first contact with plaintiff occurred on December 2, 2014, after the thirty-day deadline for responding

to the Appeal had passed, and only after Plaintiff initiated an inquiry about the status of his Appeal. (Doc. 3-1, PageId 48). Where, as here, the complaint's allegations and attached exhibits support a conclusion that a prison official failed to timely respond to a properly filed grievance at Step Three of the grievance process, it is proper to conclude defendants have not satisfied their burden of proving their affirmative defense of failure to exhaust for the purposes of dismissal under Rule 12(b)(6). *Boyd v. Corr. Corp. of America*, 380 F.3d 989, 996 (6th Cir. 2004); *Taylor v. McWeeney*, No. 1:05-cv-155, 2005 WL 1378808 (S.D. Ohio May 27, 2005), *adopted*, 2005 U.S. Dist. LEXIS 48146 (S.D. Ohio May 27, 2005).

### B. Second Objection

Defendants' second objection concerns their alleged entitlement to qualified immunity. As that objection rests on the same premises as the failure-to-exhaust objection that has been overruled herein, the undersigned finds the second objection lacking in merit for the same reasons set forth above.

### III. CONCLUSION

For the foregoing reasons, defendants' objections (Doc. 31) are **OVERRULED** and the Report (Doc. 29) is **ADOPTED**. Defendants' motion to dismiss plaintiff's complaint for failure to exhaust his administrative remedies (Doc. 10) is **DENIED**.

**IT IS SO ORDERED**.

s/Michael R. Barrett
JUDGE MICHAEL R. BARRETT
UNITED STATES DISTRICT COURT