UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KELVIN LOVETT,<br>Plaintiff,<br><br>vs.<br><br>BYRON BARNEY, et al.,<br>Defendants. | Case No. 1:15-cv-24<br>Barrett, J.<br>Litkovitz, M.J.<br><br><br>**ORDER AND REPORT AND**<br>**RECOMMENDATION** |

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF"), brings this pro se prisoner civil rights action under 42 U.S.C. § 1983 alleging that SOCF employees used excessive force against him in violation of his constitutional rights in retaliation for his use of prison grievance procedures. This matter is before the Court on plaintiff's emergency motion for an injunction *pendente lite* (Doc. 35), defendants' response[1] (Doc. 39), and plaintiff's reply (Doc. 41). This matter is also before the Court on plaintiff's dual motion for a continuance to file a response to defendants' answer to his complaint and for an emergency injunction. (Doc. 47).

In his motion for an injunction *pendente lite*, plaintiff indicates that he filed his complaint after being transferred from SOCF to the Ohio State Penitentiary ("OSP"), where he "felt safe enough to file suit" against officials at SOCF. (Doc. 35 at 2). He asserts that his time at OSP was "trouble free," which resulted in his security level being reduced and his transfer back to SOCF. He further asserts that because he is now back at SOCF with a lower security level, Lt. Setty and C/O Easter "have more access to [him], or have the ability to have [him] easily harmed." He asserts that this "has been made clear with the many malic[ious] stares [he]

---

[1] Plaintiff's complaint names Byron Barney, Lt. Setty, and "John Doe" as defendants in this matter. (Doc. 3). Lt. Setty was served on January 28, 2015. (Doc. 12). On March 20, 2015, the summons for Barney was returned as unexecuted with the following notation: "RETURN TO SENDER—NOT DELIVERABLE AS ADDRESSED." (Doc. 23). However, on February 19, 2015, Assistant Attorney General Debra Gorrell Wehrle entered an appearance for the State of Ohio as an interested party on behalf of Barney. (Doc. 9). Plaintiff has since identified C/O Easter as the "John Doe" defendant and has moved for an order of service on Barney and Easter. (Doc. 40). The Court has granted plaintiff's motion for service. (Doc. 48). As to the instant motion, the State indicates that its response is filed on behalf of Lt. Setty and the State, which has appeared to protect its interest in the event that service is executed on Barney. (*See* Doc. 39 at 1 n.1).

received on [his] first full day, morning shift which both Lt. Setty and C/O Easter work." (*Id.*). Plaintiff asks the Court for an injunction ordering his immediate transfer "to a different level 4 facility (or if over crowded to a level 3.)" (*Id.* at 4). Plaintiff contends that an injunction is necessary so that he will not "be subject to further injury" at SOCF. (*Id.* at 3). He asserts that he is likely to succeed on the merits of his complaint and that the public interest favors granting an injunction. (*Id.* at 4).

Defendants respond that plaintiff has not alleged imminent danger as he "has made no allegation of a threatened wrong or further perpetration of injury." (Doc. 39 at 3). Defendants argue that plaintiff has not demonstrated a strong likelihood of success on the merits because prison officials are authorized to use force to control inmates in certain situations, and plaintiff has not shown that he has been exposed to additional uses of force. (*Id.* at 3-4). Defendants contend that plaintiff has failed to demonstrate a substantial harm to others should he not be transferred and to show that the public interest would be served by an injunction. (*Id.* at 4).

In reply, plaintiff argues that he has a strong likelihood of success in this action given the injuries he received as detailed in his complaint. (Doc. 41 at 1-2). Plaintiff contends that he will continue to suffer injuries if he remains at SOCF, as shown by C/O Cuckler's sexual battery upon him on September 17, 2015, during which Cuckler "put a finger in the crack of [plaintiff's] pants on [his] buttocks." (*Id.* at 2). Plaintiff indicates that after he reported the sexual encounter to Lt. Bauer and tried to go on suicide watch, Lt. Bauer threatened to retaliate against plaintiff by placing him on a higher security "ticket." Plaintiff asserts that he had not been the subject of any disciplinary actions since September 17, 2014, and that the newly alleged incident occurred less than two weeks after he was transferred back to SOCF. Plaintiff also asserts that on September 29, 2015, he witnessed a prison official choke another prisoner whose pants were sagging. Plaintiff asserts that the prison official administered mace on that prisoner at least five times and

2

that prison officials are presently torturing that prisoner. (*Id.*). Plaintiff has attached a copy of a conduct report dated September 17, 2015 and signed by Cuckler. (Doc. 41-1). Cuckler indicated that he approached plaintiff in the food serving line after being informed by staff of a problem with plaintiff. The report indicated that plaintiff told Cuckler that the problem was "none of [his] business" and stated "that fucking bitch coordinator, I told her the food was wrong." Cuckler charged plaintiff with a violation of the rule against disrespect. (*Id.*).

In his dual motion, plaintiff asserts that he is "in isolation for allegedly filing a false Prison Rape Elimination Act (PREA) report." (Doc. 47 at 1). Plaintiff contends that this lends further support to his request for injunctive relief. Additionally, plaintiff requests a continuance until December 2, 2015 to file a response to defendants' answer to his complaint. (*Id.*).

In determining whether to issue a preliminary injunction, the Court must balance the following factors:

1. Whether the party seeking the injunction has a "strong" likelihood of success on the merits;
2. Whether the party seeking the injunction would otherwise suffer irreparable injury;
3. Whether an injunction would cause substantial harm to others; and
4. Whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Id.* A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Id.* at 739.

Here, plaintiff is not entitled to a preliminary injunction. Plaintiff has failed to present any evidence showing he has a substantial likelihood of success on the merits of his

3

constitutional claims, or that he will suffer irreparable harm absent a preliminary injunction. Plaintiff's allegations in his motion for an injunction *pendente lite*, reply, and dual motion for an emergency injunction do not constitute evidence supporting injunctive relief. The only evidence that plaintiff has provided—the September 17, 2015 conduct report—does not support his allegations that he was the victim of a sexual assault and retaliation upon his return to SOCF. (*See* Doc. 41-1). In the absence of any evidence supporting plaintiff's motion, the motion should be denied.

As to plaintiff's motion for a continuance to file a response to defendants' answer, plaintiff is not entitled to file such a response unless an answer contains a counterclaim or the Court has ordered a reply. *See* Fed. R. Civ. P. 7(a). Here, defendants' answer does not contain a counterclaim, and the Court has not ordered plaintiff to reply. (*See* Doc. 46). Thus, plaintiff's motion for a continuance is denied.

Based on the foregoing, plaintiff's motion for a continuance (Doc. 47) is **DENIED**. Further, it is **RECOMMENDED** that plaintiff's motion for an injunction *pendente lite* (Doc. 35) and dual motion for an emergency injunction (Doc. 47) be **DENIED**.

Date: 11/3/15

Karen L. Litkovitz
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KELVIN LOVETT,
    Plaintiff,

vs.

BYRON BARNEY *et al.*,
    Defendant.

Case No: 1:15-cv-24
Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

5