UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KELVIN LOVETT,
    Plaintiff,

vs.

BYRON BARNEY, et al.,
    Defendants.

Case No. 1:15-cv-24
Barrett, J.
Litkovitz, M.J.

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF"), brings this pro se prisoner civil rights action under 42 U.S.C. § 1983 alleging that SOCF employees used excessive force against him in violation of his constitutional rights in retaliation for his use of prison grievance procedures. This matter is before the Court on plaintiff's motion for leave to amend his complaint (Doc. 51)[1] and defendant's response in opposition (Doc. 54). Plaintiff's motion also requests that the Court appoint an independent arbitrator to review his situation, appoint counsel, and order his immediate transfer to another facility.

In his motion, plaintiff seeks to amend his complaint to add the Ohio Department of Rehabilitation and Correction ("ODRC") and SOCF as defendants. (Doc. 51 at 1). He asks the Court to appoint an independent arbitrator "to review this situation and any and all situations that may follow, to be paid for by the defendants." (*Id.*). Plaintiff alleges that on September 17, 2015, C/O Cuckler filed a false conduct report against him, for which he was put in isolation for 7 days and had his commissary rights restricted for 30 days, all without a hearing. (*Id.*). Plaintiff also alleges that after Cuckler "touched [him] inappropiately on [his] buttocks," he filed a complaint under the Prison Rape Elimination Act ("PREA"). (*Id.* at 2). Plaintiff alleges that prison officials investigated his complaint, found the "video [did] not show anything," and charged him with violating the rule against lying. Plaintiff indicates that he received a hearing

---

[1] Plaintiff entitles this document "Entry of Supplemental Complaint." The Court construes this as a motion for leave to amend his complaint.

before the Rules Infraction Board ("RIB") after which he received 15 days of disciplinary control and had his security level increased. (*Id.*). He alleges that he has asked numerous prison officials to retrieve his legal documents without success. (*Id.*). Further, plaintiff alleges that while he was confined in isolation, clothing items were taken from him and purposefully "lost." (*Id.* at 3). He asks the Court to appoint counsel "due to this exceptional situation and/or order an immediate transfer at [his] current security level 4A." (*Id.*).

Defendants respond that it is "wholly inappropriate for Plaintiff to request leave of court to allow him to include a property damage claim in his current 42 U.S.C. § 1983 action for alleged constitutional violations." (Doc. 54 at 1-2). Defendants argue that ODRC and SOCF are immune from suit in federal court under the Eleventh Amendment. (*Id.* at 2). Further, defendants contend that ODRC and SOCF are not "persons" for purposes of § 1983 liability. (*Id.* at 2-3).

I. **Motion to Appoint Counsel**

The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id.* at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. Therefore, plaintiff's motion for appointment of counsel is denied.

2

II. **Motion to Appoint an Independent Arbitrator**

The above reasons for denying counsel apply to plaintiff's request for an independent arbitrator as well. Additionally, plaintiff has not identified an arbitrable claim for which the Court could compel arbitration. *See Neal v. LaRiva*, 765 F.3d 788, 789-90 (7th Cir. 2014) ("[T]here is no plausible basis in the record to support [plaintiff's] assertion that the Bureau of Prisons is bound to arbitrate his petition."). Therefore, plaintiff's motion to appoint an independent arbitrator is denied.

III. **Motion Seeking Transfer to Another Facility**

On November 3, 2015, the undersigned recommended denying plaintiff's motions for injunctive relief in which he sought immediate transfer to a different facility. (Doc. 49). For the same reasons previously identified, plaintiff's instant motion seeking transfer to another facility should be denied.

IV. **Motion to Amend**

"A party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b). . . ." Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court has discretion to deny a motion to amend a complaint, but must state a basis for such a denial. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). The Court must consider several factors in determining whether to permit an amendment: (1) undue delay in filing; (2) lack of notice to the opposing party; (3) bad faith by the moving party; (4) repeated failure to cure deficiencies by previous amendments; (5) undue prejudice to the opposing party; and (6) futility of the amendment. *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998) (citing *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir.

3

1994)).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Id.* (citing *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that "state a claim to relief that is plausible on its face," and, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 677).

A. ODRC and SOCF as Defendants

Amending the complaint to add ODRC and SOCF as defendants would be futile. Neither defendant is a person under § 1983, which provides that "[e]very person who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . ." 42 U.S.C. § 1983. A correctional facility is not a "person" subject to suit under § 1983. *See Parker v. Mich. Dep't of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003) (Department of Corrections not a "person" under § 1983); *Davis v. Belmont Corr. Inst.*, No. 2:05-cv-1032, 2006 WL 840387, at *3 (S.D. Ohio Mar. 30, 2006). Furthermore, plaintiff's claim against the ODRC could not withstand a motion to dismiss under Rule 12(b)(6) because ODRC as an arm of the State is immune from claims for damages and injunctive relief under the Eleventh Amendment. *See Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456-57 (6th Cir. 1998); *Foulks v. Ohio Dep't of Rehab. & Corr.*, 713 F.2d 1229, 1232-34 (6th Cir. 1983). *See also Lawson v. Shelby Cty.*, 211 F.3d 331, 335 (6th Cir. 2000) (holding that exception to

Eleventh Amendment immunity for injunctive relief applies to a "state official" not the state itself). Thus, the Court should deny plaintiff leave to amend his complaint to add ODRC and SOCF as defendants.

B. Disciplinary Actions Related to Cuckler's Conduct Report and Plaintiff's PREA Complaint

Amending the complaint to add new allegations involving the discipline plaintiff received following Cuckler's conduct report and the RIB's investigation of plaintiff's PREA complaint would be futile as well. Plaintiff's allegations could not withstand a motion to dismiss under Rule 12(b)(6) because he fails to allege facts showing that defendants' actions had the effect of altering the term of his imprisonment or imposed restraints that amounted to an "atypical and significant hardship on [plaintiff] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff does not allege facts showing that these disciplinary actions resulted in the lengthening of his prison sentence, the withdrawal of good-time credits, or the deprivation of any necessities of life. *Id.* at 486; *Smith v. Corr. Corp. of America*, 5 F. App'x 443, 444 (6th Cir. 2001) (thirty days of disciplinary segregation does not rise to level of atypical and significant hardship). Because plaintiff does not have a protected liberty interest under the circumstances alleged, his proposed amendments to his complaint fail to state a due process claim in connection with these disciplinary actions. Thus, the Court should deny plaintiff leave to amend his complaint to incorporate the disciplinary actions taken against him related to these incidents.

C. Access to Legal Documents

Amending the complaint to add his allegation that prison officials failed to retrieve his legal documents would be futile as well because it would not withstand a motion to dismiss. While prisoners have a right of meaningful access to the courts to attack their sentences or

5

challenge the conditions of confinement, to state a claim for relief "a prisoner must demonstrate actual prejudice to pending or contemplated litigation." *Jackson v. Gill*, 92 F. App'x 171, 173 (6th Cir. 2004) (citing *Lewis v. Casey*, 518 U.S. 343, 351, 355 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). "Examples of actual prejudice include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Id.* (citing *Lewis*, 518 U.S. at 351; *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985)). Under this standard, plaintiff's brief allegation concerning his legal documents does not state a claim for relief. Plaintiff does not indicate whether he still does not have his legal documents and he does not allege actual prejudice. Thus, the Court should deny plaintiff leave to amend his complaint to incorporate a claim concerning his legal documents.

D. Return of Property

With regard to plaintiff's allegations concerning the loss of his personal property, amending the complaint would be futile because his allegations would not withstand a motion to dismiss. In order to assert a claim under § 1983 that he was deprived of his property without due process of law, plaintiff must first "plead . . . that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson Cty. Pub. Sch. Sys.*, 360 F.3d 583, 587-88 (6th Cir. 2004) (citations omitted). A plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Id.* at 588 (citation omitted). Plaintiff has not alleged any facts indicating that his remedies under Ohio law to redress the wrong of which he complains are inadequate. He fails to explain why a state tort remedy for conversion would not suffice to address his claim. *See Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999). Thus, the Court

should deny plaintiff leave to amend his complaint to incorporate a claim concerning the loss of his personal property.

## V. Conclusion

Based on the foregoing, plaintiff's motions for appointment of counsel and an independent arbitrator (Doc. 51) are **DENIED**. Further, it is **RECOMMENDED** that plaintiff's motions for transfer to another facility and to amend his complaint (Doc. 51) be **DENIED**.

Date: 1/6/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KELVIN LOVETT,
    Plaintiff,

vs.

BYRON BARNEY *et al.*,
    Defendant.

Case No: 1:15-cv-24
Barrett, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).