UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KELVIN LOVETT,  
    Plaintiff,

vs.

BYRON BARNEY, *et al.*,  
    Defendants.

Case No. 1:15-cv-24  
Barrett, J.  
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF"), brings this pro se prisoner civil rights action under 42 U.S.C. § 1983 alleging that SOCF employees used excessive force against him in violation of his constitutional rights in retaliation for his use of prison grievance procedures. This matter is before the Court on plaintiff's motion for default judgment (Doc. 57) and defendant's response in opposition (Doc. 61).

Plaintiff indicates that he filed this action in January 2015, requested a waiver of service from defendant Barney in June 2015, and filed a request for default with the Clerk of Court in August 2015. (Doc. 57 at 1). He asserts that the State of Ohio has entered an appearance on defendant Barney's behalf but has "decide[d] to operate on its own schedule so far in this case regarding the waiver of the summons." (*Id.*). Plaintiff requests entry of a judgment in the amount of $50,000 against defendant Barney. (*Id.*).

Defendants respond that on November 2, 2015, the Court ordered plaintiff to submit copies of his complaint and summons form for defendants Barney and Easter for service of summons to be accomplished. (Doc. 61 at 2). Defendants indicate that summons was issued for defendants Barney and Easter on November 30, 2015, and defendants' counsel "advised the Court that upon execution of service, she stands ready and willing to file an Answer on behalf of Defendants Barney and Easter." (*Id.*). Thus, defendants argue that plaintiff's motion "is both premature and without merit." (*Id.*). Further, defendants contend that under *Jones v. Bock*, 549

U.S. 199, 214 (2007), they "do not have to respond to a complaint covered by the PLRA until required to do so by the court, and waiving the right to reply does not constitute an admission of the allegations in the complaint." (Doc. 61 at 2).

Here, plaintiff had not yet perfected service on defendants Barney and Easter when he filed the instant motion. Since plaintiff filed the instant motion, defendants Barney and Easter have been served and they have timely filed an answer to the complaint. (*See* Docs. 62, 64). Accordingly, plaintiff's motion for default judgment (Doc. 57) should be **DENIED**.

**IT IS SO RECOMMENDED.**

Date: 1/6/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KELVIN LOVETT,
    Plaintiff,

vs.

BYRON BARNEY *et al.*,
    Defendant.

Case No: 1:15-cv-24
Barrett, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).