UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KELVIN LOVETT,
    Plaintiff,

vs.

BRIAN BARNEY, *et al.*,
    Defendants.

Case No. 1:15-cv-24
Barrett, J.
Litkovitz, M.J.

**ORDER**

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF") proceeding pro se, brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging that SOCF employees used excessive force against him in violation of his constitutional rights in retaliation for his use of prison grievance procedures. This matter is before the Court on plaintiff's dual motion to depose defendants under oath and to meet with witnesses to obtain declarations (Doc. 70), defendants' memorandum in opposition (Doc. 75), and plaintiff's reply memorandum (Doc. 83).

**I.**     **MOTION TO DEPOSE DEFENDANTS**

Plaintiff requests permission to depose defendants under oath, claiming that to not allow for this would "severely handicap Plaintiff's motion to get justice." (Doc. 70 at 1). Plaintiff further requests that the United States government provide plaintiff with funds to pay for the depositions. In the alternative, plaintiff asserts that he should be appointed counsel to conduct the depositions. *Id.*

Defendants respond that plaintiff's motion should be denied because plaintiff, who is incarcerated at the highest possible security level in a maximum security prison, should not be placed in a position of authority over correctional staff by being permitted to conduct a deposition. (Doc. 75 at 1-2). Defendants argue that granting plaintiff's motion would be a "direct threat" to SOCF security and would be "contrary to the rehabilitative restrictions"

imposed upon plaintiff. *Id*. at 2. Defendants contend that plaintiff has given no reason why he could not use interrogatories, pursuant to Fed. R. Civ. P. 33, or conduct depositions by written questions, pursuant to Fed. R. Civ. P. 31, in lieu of deposing defendants in person. (Doc 75 at 1). Defendants argue that plaintiff cannot show "exceptional circumstances" that would warrant the appointment of counsel or deposition at government expense, especially as plaintiff has not yet demonstrated that his claims will withstand summary judgment. *Id*. at 2. Defendants contend that even a pro se litigant such as plaintiff must pay for his own discovery costs, which include depositions. *Id*.

In reply, plaintiff acknowledges that he cannot be in a position of authority over defendants and, thus, argues that he should be appointed counsel. (Doc. 83 at 1). Plaintiff cites the lack of video footage of the incident in question as an "exceptional circumstance" that warrants both appointment of counsel and permission to depose defendants.[1] (*Id*.).

The Court finds that the prison order and security concerns raised by defendants weigh against plaintiff's request to conduct oral depositions. "Prison officials retain some discretion as to whether to permit an incarcerated litigant to personally appear to take a deposition, taking into consideration factors such as cost, inconvenience, danger, and the disruption to the correctional operations." *Whiteside v. Thalheimer*, No. 1:13-cv-408, 2015 WL 2376001, at *2 (S.D. Ohio May 18, 2015) (quoting *Dearing v. Mahalma*, No. 1:11-cv-204, 2012 WL 524438, at *2 (S.D. Ohio Feb 16, 2012) (in turn citing *Holt v. Pitts*, 619 F.2d 558, 560-61 (6th Cir. 1980) (holding that an incarcerated litigant bringing a civil action under 42 U.S.C. 1983 has "no right to be personally present at any stage of the judicial proceedings.")); *see also In re Wilkinson*, 137 F.3d 911, 916 (6th Cir. 1998) (holding that prisoner-litigant had failed to demonstrate any

---

[1] The Court notes defendants' assertion that they possess video footage of "a majority of what transpired during this event" and that they are still in the process of making that footage available to plaintiff. (Doc. 75 at 4).

2

"specialized need for an exception . . . to the general rule of non-attendance."). On the other hand, plaintiff does have the right to depose defendants and to conduct the discovery necessary to prosecute this action. As this Court previously recognized, "if [d]efendants object to an in-person deposition, [d]efendants must permit alternate means for [p]laintiff to obtain equivalent discovery." *Dearing*, 2012 WL 524438, at *2.

For example, plaintiff may obtain the discovery he seeks by deposing defendants by written questions under Fed. R. Civ. P. 31. *See Bell v. Godinez*, No. 92-cv-8447, 1995 WL 519970, at *2 (N.D. Ill. Aug. 30, 1995) ("No doubt a prisoner has the right to take discovery, but that right does not necessarily include conducting oral depositions of prison officials if there are compelling reasons weighing against such depositions and if the prisoner is able to obtain the necessary information by written discovery."). Further, plaintiff may seek to conduct alternative discovery on defendants through interrogatories, requests for admission, and requests for document production as permitted by Fed. R. Civ. P. 33, 34, and 36. There is nothing in the record that suggests plaintiff has issued such requests to defendants; therefore, it is probable that plaintiff may obtain the information he seeks through these less burdensome discovery mechanisms. Moreover, plaintiff has not indicated what information he expects to gain from oral depositions that he cannot obtain through written discovery. *See McKeithan v. Jones*, 212 F. App'x 129, 131 (3d Cir. 2007) (holding that district court did not abuse its discretion in denying prisoner's "unorthodox request for deposition upon oral examination of prison officials" when prisoner "ha[d] not presented any argument . . . to suggest that written depositions would not have been sufficient for his purposes in this case").

For these reasons, plaintiff's motion to conduct depositions of defendants is **DENIED IN PART**. Plaintiff may not conduct in-person depositions of defendants, but he may serve defendants with written depositions.

## II. MOTION TO OBTAIN DECLARATIONS

Plaintiff requests permission to meet with witnesses to obtain declarations from them concerning the events at issue. (Doc. 70 at 1). Specifically, plaintiff requests to hold in-person meetings with certain inmates who "attended rec/or that [were] housed in K1 on September 17, 2014" and who can personally speak to the events at issue in this case. (*Id.* at 1-2).

Defendants respond that plaintiff should not be permitted to meet with other inmates. (Doc. 75 at 3). Defendants argue that plaintiff's security level prohibits him from interacting or congregating with other inmates. (*Id.*). Defendants assert that allowing plaintiff to meet with inmates to obtain declarations on his behalf could lead to plaintiff "intimidat[ing] other inmates into agreeing to his version of the events." (*Id.*). Defendants indicate that such potential intimidation would violate the standards set by the American Correctional Association, which forbids prisoners from having any authority over one another. (*Id.*). Defendants assert that, at most, the Court should allow plaintiff to communicate with other inmates in written format only. (*Id.* at 4). Defendants argue that the existence of video footage of the events in question may eliminate any need for plaintiff to involve other inmates. (*Id.*).

In reply, plaintiff cites his height, weight, lack of "gang file," and lack of recent "aggressive conduct" to support his argument that meeting with inmates would not threaten the safety and security of the facility. (Doc. 83 at 2). Plaintiff asserts that he tried to communicate with other inmates via the prison mailing system, but his letters were never delivered, allegedly because the wife of one of the defendants is employed in the prison mail room. (*Id.*). Plaintiff

4

also asserts in-person meetings with inmates are necessary to obtain "voluntary declaration[s] for the moments not captured by video." (*Id.*).

"Central to all other corrections goals is the institutional consideration of internal security within the correctional facilities themselves." *Pell v. Procunier*, 417 U.S. 817, 823 (1974). Typically, inmates at plaintiff's security level have a history of violent and/or disruptive prison behavior, are generally not permitted to congregate with other inmates, and are more closely supervised than inmates at a lower security level. *See* Ohio Dep't of Rehab. & Corr., Policy No. 53-CLS-01, Inmate Security Classification Levels 1 Through 4 (2015), at 3-4, http://www.drc.ohio.gov/web/drc_policies/documents/53-CLS-01.pdf. On this basis, the Court finds that allowing plaintiff to meet in-person with other inmates at this time could undermine the safety procedures of the prison and jeopardize the security of inmates and staff. Therefore, plaintiff's request for permission to meet with witnesses to obtain written declarations is **DENIED**.

### III. CONCLUSION

Consistent with the foregoing, it is **ORDERED** that plaintiff's dual motion to depose defendants under oath and to meet with witnesses to obtain declarations (Doc. 70) is **DENIED IN PART AND GRANTED IN PART**. Specifically, plaintiff's request to conduct oral depositions of defendants is **DENIED**. However, plaintiff is **PERMITTED** to serve written depositions upon defendants. Further, plaintiff's request to meet with witnesses to obtain declarations is **DENIED**.

**IT IS SO ORDERED**.

Date: 4/8/16

Karen L. Litkovitz
United States Magistrate Judge

5