UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KELVIN LOVETT,
    Plaintiff,

vs.

BRIAN BARNEY, *et al.*,
    Defendants.

Case No. 1:15-cv-24
Barrett, J.
Litkovitz, M.J.

**ORDER**

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF") proceeding pro se, brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging that SOCF employees used excessive force against him in retaliation for his use of prison grievance procedures. This matter is before the Court on plaintiff's motion for leave to amend the complaint (Doc. 78), defendants' memorandum in opposition (Doc. 80), and plaintiff's motion for clarification and dual motion to render plaintiff's motion to amend as moot (Doc. 90).

In his motion for leave to amend the complaint, plaintiff requests permission to add the following defendants to this action: Michael Dickerson, Todd Payne, Michael Pollard, Robert Clagg, Donald Morgan, William Cool, B. Dyer, Tim Basham, and Andrew Gliem. (Doc. 78 at 1). Plaintiff contends that use of force reports obtained during discovery show that Cool, Clagg, Dyer, and Morgan falsely indicated that no video footage of the incident at issue was available, despite "knowing full well that at least 10 video cam[e]ras would have had to catch some if not all of the brutal assault." (*Id.* at 2). Plaintiff argues that their actions allowed Dickerson, Payne, Pollard, Gliem, and Basham "to write completely fraudulent accounts of the events that they were not eyewitness[es] to at all." (*Id.*). Plaintiff contends that this demonstrates a conspiracy and deliberate indifference for his health and safety. (*Id.*). Plaintiff asserts that he now realizes

that Gliem is the defendant he previously identified as C/O Easter, who applied "extreme pressure" to plaintiff's arms while he was handcuffed and shackled. (*Id.* at 3).

Defendants respond that plaintiff's request to substitute Gliem for defendant Easter should be denied because plaintiff's "moving target approach to this litigation not only causes undu[e] delays of the proceedings but causes significant prejudice to Defendants who are forced to defend against an ever-changing array of defendants." (Doc. 80 at 1-2). As to the remaining individuals that plaintiff wishes to add to the complaint, defendants argue that plaintiff's allegations against them "pertain, not to excessive use of force, but rather to a purported spoliation issue" of which plaintiff has been aware since September 17, 2014 and for which he has failed to exhaust his administrative remedies. (*Id.* at 2). Defendants contend that allowing plaintiff to amend the complaint to add a spoliation claim against these individuals would be futile. (*See id.* at 3-4).

In his dual motion, plaintiff indicates that after seeing the video footage that is available, he "cannot in good faith say the John Doe party is C/O Easter or C/O Gliem." (Doc. 90 at 1). Thus, plaintiff no longer wishes to pursue claims against Easter or Gliem, but "ask[s] the court to leave open the possibility to leave John Doe as a defendant for a trained professional lawyer to address at a later date." (*Id.*). Therefore, plaintiff asserts that his motion to amend is moot as to his request to substitute Gliem as a defendant. (*Id.*). However, plaintiff indicates that he "stand[s] by the fact that several staff members wrote false conspirator[ial] statements" and showed deliberate indifference to him and his safety. (*Id.* at 1-2).

Here, because plaintiff indicates that his request to substitute Gliem for defendant Easter is moot based on his review of the available video footage, his dual motion to render his motion to amend moot (Doc. 90) is **GRANTED** as to Gliem. Further, based on plaintiff's

2

representations in the dual motion, the Clerk is **DIRECTED** to terminate C/O Easter as a defendant in this action and reinstate "John Doe" as a defendant.

As to plaintiff's motion to amend his complaint to add eight additional defendants other than Gliem (*see* Doc. 78), the motion does not include as an attachment a copy of the proposed amended complaint from which the Court might better understand the nature of the claims he wishes to raise against these proposed defendants. Plaintiff is hereby **ORDERED** to submit a copy of his proposed amended complaint within **thirty (30) days** of the entry of this Order. The Court will issue a ruling on plaintiff's motion to amend (Doc. 78) upon receipt of the proposed amended complaint.

**IT IS SO ORDERED.**

Date: 5/10/16

Karen L. Litkovitz
United States Magistrate Judge

3