UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KELVIN LOVETT,
   Plaintiff,

vs.

BRIAN BARNEY, *et al.*,
   Defendants.

Case No. 1:15-cv-24
Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF") proceeding pro se, brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging that SOCF employees used excessive force against him in retaliation for his use of prison grievance procedures. This matter is before the Court on plaintiff's renewed motion for injunctive relief (Doc. 88), defendants' memorandum in opposition (Doc. 94), and plaintiff's reply memorandum (Doc. 98).

In his motion, plaintiff asserts that on March 17, 2016, he was attacked by another inmate. (Doc. 88 at 1). Plaintiff alleges that in response to this attack, C/O Lawson sprayed plaintiff's eyes with a chemical agent and "slammed [him] face first." (*Id.*). Plaintiff contends that "[a] hit has been out on [him] as [he has] stated many times whereby [he] continue[s] to receive serious injuries at the hands of the defendants and co-conspirators." (*Id.* at 2). Plaintiff asserts that "[t]hese people will not be satisfied until [he is] dead" and he "fear[s] for [his] life." (*Id.*). Therefore, plaintiff renews his motion for an immediate transfer to another prison. (*See id.*).

Defendants respond that plaintiff is "trying to inappropriately bring in a new claim [against C/O Lawson] that bears no connection to the instant action or any of the named Defendants." (Doc. 94 at 1-2). Further, defendants argue plaintiff has failed to allege that he

exhausted his administrative remedies related to this alleged incident before seeking judicial intervention. (*Id.* at 2).

In reply, plaintiff asserts that he is seeking an injunction directing his immediate transfer to another correctional facility. (Doc. 98 at 1). Plaintiff argues that his administrative remedy was denied at the first step and "the institution inspector has claim[ed] to send [plaintiff] the second step, a Notification of Grievance yet [he has] not received it as [he has] request[ed] it for a fo[u]rth time." (*Id.* at 2). Plaintiff contends that because he has sued defendants in their official capacities, his action is against the state of Ohio. (*Id.*).

On November 3, 2015, the undersigned recommended denying plaintiff's previous motion for injunctive relief in which he sought immediate transfer to a different facility. (Doc. 49). In so recommending, the undersigned concluded that plaintiff "failed to present any evidence showing he has a substantial likelihood of success on the merits of his constitutional claims, or that he will suffer irreparable harm absent a preliminary injunction." (*Id.* at 3-4). The undersigned noted that mere allegations in a motion do not constitute evidence supporting injunctive relief. (*Id.* at 4). For the same reasons, it is **RECOMMENDED** that plaintiff's instant motion seeking transfer to another facility (Doc. 88) be **DENIED**.

**IT IS SO RECOMMENDED.**

Date: 5/10/16

Karen L. Litkovitz
United States Magistrate Judge

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KELVIN LOVETT,
    Plaintiff,

vs.

BRIAN BARNEY, *et al.*,
    Defendants.

Case No: 1:15-cv-24
Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).