UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KELVIN LOVETT,　　　　　　　　　　　　　　　Case No. 1:15-cv-24
　　　Plaintiff,　　　　　　　　　　　　　　　　　　Barrett, J.
　　　　　　　　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.
　　　vs.

BRIAN BARNEY, et al.,　　　　　　　　　　　　**ORDER**
　　　Defendants.

　　　Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF") proceeding pro se, brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging that SOCF employees used excessive force against him in retaliation for his use of prison grievance procedures. This matter is before the Court on plaintiff's motion to submit video footage and color photographs (Doc. 85), defendants' memorandum in opposition (Doc. 92), and plaintiff's reply memorandum (Doc. 95).

　　　Plaintiff asks the Court to order defendants to produce video footage of the incident at issue and color photographs of plaintiff's injuries. (Doc. 85). He asserts that he first requested to see the video footage on September 18, 2014, the day after the incident. (*Id.*).

　　　Defendants respond that discovery documents may only be submitted to the Court in connection with a motion before the Court, but plaintiff "makes no reference to what motion these purported discovery materials are connected." (Doc. 92 at 1). Defendants contend they gave plaintiff the photographs he seeks on February 2, 2016 and provided him the opportunity to view "a copy of the available videos" on March 25, 2016. (*Id.*). Defendants have attached a verification signed by plaintiff that on March 25, 2016, he reviewed "a copy of the available videos of [his] escort to and from the recreation cages dated September 17, 2014." (Verification of Opportunity to Review Video Footage, Doc. 92-1, Exh. A).

In reply, plaintiff asserts that because he is in prison, he is unable to maintain a copy of the video footage and photographs. (Doc. 95 at 1). Plaintiff indicates that because "[d]efendants' co-conspirators can't be trusted," he is seeking an order from the Court to place the video he viewed on March 25, 2016 and the color photographs that were previously produced via discovery in safekeeping for his "future use in summary judgment." (*Id.* at 2).

Here, to the extent plaintiff is moving to compel discovery of these requested items, his motion is **DENIED AS MOOT** as he has since received the photographs and viewed the available video footage. To the extent that plaintiff seeks to have these discovery items submitted to the Court for safekeeping, plaintiff's motion is **DENIED**. Plaintiff's unsupported allegation that "[d]efendants' co-conspirators can't be trusted" to preserve this material is insufficient to warrant the extraordinary measure that plaintiff seeks. However, defendants are **DIRECTED** to preserve these discovery materials until the conclusion of this action. This should be sufficient to ensure that these materials are preserved going forward, especially as "a district court could impose many different sanctions for spoliated evidence, including dismissing a case, granting summary judgment, or instructing a jury that it may infer a fact based on lost or destroyed evidence." *Adkins v. Wolever*, 554 F.3d 650, 653 (6th Cir. 2009) (citing *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995)).

**IT IS SO ORDERED.**

Date: 5/12/16

Karen L. Litkovitz
United States Magistrate Judge