## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| KELVIN LOVETT,<br>  Plaintiff, | Case No. 1:15-cv-24<br>Barrett, J.<br>Litkovitz, M.J. |
| vs. | |
| BRIAN BARNEY, *et al.*,<br>  Defendants. | **REPORT AND**<br>**RECOMMENDATION** |

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF") proceeding pro se, brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging that SOCF employees used excessive force against him in retaliation for his use of prison grievance procedures. This matter is before the Court on plaintiff's motion to amend the complaint (Doc. 78), defendants' memorandum in opposition (Doc. 80), and plaintiff's proposed amended complaint (Doc. 105).[1]

In his motion, plaintiff requests permission to add the following defendants to this action: Michael Dickerson, Todd Payne, Michael Pollard, Robert Clagg, Donald Morgan, William Cool, B. Dyer, and Tim Basham.[2] (Doc. 78 at 1). Plaintiff contends that use of force reports obtained during discovery show that Cool, Clagg, Dyer, and Morgan falsely indicated that no video footage of the incident at issue was available, despite "knowing full well that at least 10 video cam[e]ras would have had to catch some if not all of the brutal assault." (*Id.* at 2). Plaintiff argues that their actions allowed Dickerson, Payne, Pollard, and Basham "to write completely fraudulent accounts of the events that they were not eyewitness[es] to at all." (*Id.*). Plaintiff

---

[1] On May 10, 2016, the Court ordered plaintiff to submit a copy of his proposed amended complaint so that the Court might better understand the nature of the claims he wished to raise if the Court granted his motion to amend. (Doc. 100 at 3).

[2] Plaintiff also requested leave to add Andrew Gliem as a defendant. (*See* Doc. 78 at 1-3). However, in a subsequently filed dual motion to render his motion to amend moot, plaintiff indicated that he no longer wished to pursue claims against Gliem and asserted that his motion to amend was moot as to Gliem. (*See* Doc. 90 at 1). On May 10, 2016, the Court granted plaintiff's dual motion to render his motion to amend moot as to Gliem. (*See* Doc. 100 at 2). Accordingly, the Court now considers only whether plaintiff may amend his complaint to add the other eight proposed defendants.

contends that this demonstrates a conspiracy and deliberate indifference for his health and safety. (*Id.*).

Defendants respond that plaintiff's "moving target approach to this litigation not only causes undu[e] delays of the proceedings but causes significant prejudice to Defendants who are forced to defend against an ever-changing array of defendants." (Doc. 80 at 1-2). Defendants argue that plaintiff's allegations against these eight proposed defendants "pertain, not to excessive use of force, but rather to a purported spoliation issue" of which plaintiff has been aware since September 17, 2014 and for which he has failed to exhaust his administrative remedies. (*Id.* at 2). Defendants contend that allowing plaintiff to amend the complaint to add a spoliation claim against these individuals would be futile. (*See id.* at 3-4).

In the proposed amended complaint, plaintiff alleges that Dickerson, Payne, Pollard, and Basham participated in a conspiracy against him by filing false witness statements against him as part of SOCF's use of force investigation. (*See* Doc. 105 at 1-2). Plaintiff alleges that these false reports "caused [him] to be housed in 23+ hours lockdown," which "affect[ed] Plaintiff's mental health" and "proves deliberate indifference." (*See id.*). As to Morgan, Cool, Dyer, and Clagg, plaintiff alleges that they signed documents saying there was no video footage of the use of force incident "[l]ess than an hour after the event." (*Id.* at 2). Plaintiff asserts that this constitutes direct evidence that these proposed defendants were part of a conspiracy against him, indirectly harmed him by subjecting him to "23+ hours locked down," and were deliberately indifferent. (*Id.* at 2-3).

"A party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b). . . ." Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the

2

opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court has discretion to deny a motion to amend a complaint, but must state a basis for such a denial. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). The Court must consider several factors in determining whether to permit an amendment: (1) undue delay in filing; (2) lack of notice to the opposing party; (3) bad faith by the moving party; (4) repeated failure to cure deficiencies by previous amendments; (5) undue prejudice to the opposing party; and (6) futility of the amendment. *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998) (citing *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Id.* (citing *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that "state a claim to relief that is plausible on its face," and, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).

"A civil conspiracy under Section 1983 is 'an agreement between two or more persons to injure another by unlawful action.'" *Coley v. Lucas Cty., Ohio*, No. 3:09-cv-8, 2014 WL 273194, at *6 (N.D. Ohio Jan. 23, 2014) (quoting *Sizemore v. Forsthoefel*, No. 1:12-cv-2769, 2013 WL 2950673, at *3 (N.D. Ohio June 14, 2013)). *See also Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). "The plaintiff must plead conspiracy claims with some degree of

3

specificity; vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under Section 1983." *Coley*, 2014 WL 273194, at *6 (citing *Sizemore*, 2013 WL 2950673, at *3). "A plaintiff must make sufficient factual allegations to link two alleged conspirators in the conspiracy and to establish the requisite 'meeting of the minds' essential to the existence of the conspiracy." *Id.* (citing *Sizemore*, 2013 WL 2950673, at *3). "Where all of the defendants are members of the same collective entity, there are not two separate people to form a conspiracy." *Id.* (citing *Amadasu v. The Christ Hospital*, 514 F.3d 504, 507 (6th Cir. 2008)).

Here, allowing plaintiff to amend the complaint to add a conspiracy claim against these eight proposed defendants would be futile. His allegations of a conspiracy are stated as legal conclusions with no facts to suggest a "meeting of the minds" among these proposed defendants. *See Coley*, 2014 WL 273194, at *6. Further, these proposed defendants are all employees of SOCF and, thus, "there are not two separate people to form a conspiracy." *Id.* Therefore, because plaintiff cannot state a claim of conspiracy upon which relief can be granted against these proposed defendants, allowing plaintiff to amend the complaint to add this claim would be futile. *See Coe*, 161 F.3d at 341-42.

Based on the foregoing, it is **RECOMMENDED** that plaintiff's motion to amend his complaint (Doc. 78) be **DENIED**.

**IT IS SO RECOMMENDED.**

Date: 5/26/16

Karen L. Litkovitz
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KELVIN LOVETT,
    Plaintiff,

    vs.

BRIAN BARNEY, *et al.*,
    Defendants.

Case No: 1:15-cv-24
Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).