UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KELVIN LOVETT ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:15cv024 |
| ) | |
| vs. ) | Judge Michael R. Barrett |
| ) | |
| BRIAN BARNEY, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

### ORDER

This matter is before the Court on the November 3, 2015 Report and Recommendation ("R&R") of the Magistrate Judge, which recommends denying Plaintiff's Motion for an Injunction *pendente lite*[1] (Doc. 35) and Dual Motion for an Emergency Injunction (Doc. 47).

The filing of timely objections requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  However, "[o]verly general objections do not satisfy the objection requirement."  *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 220-21 (2007). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general."  *Id*. (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).  After requesting an extension of time (Doc. 52), Plaintiff filed objections on November 25, 2015 (Doc. 53).  Defendant Setty filed a response[2] (Doc. 59).

---

[1] An injunction *pendente lite* is synonymous with a preliminary injunction.  *See* 11A Fed. Pract. & Proc. Civ. § 2947 (2d ed.).
[2] Defendant includes the following footnote: "The docket reflects that although a summons has been issued, service has not yet been perfected on either Defendant Officer Barney or Officer Easter (Doc #: 56), and accordingly this

1

The Magistrate Judge sufficiently set forth the facts in this case and the same will not be repeated here except to the extent necessary. Plaintiff brought this action under 42 U.S.C. § 1983 alleging that Southern Ohio Correctional Facility ("SOCF") employees used excessive force against him in violation of his constitutional rights. Sometime after the alleged use of excessive force occurred, Plaintiff was transferred from SOCF to the Ohio State Penitentiary, but has since been returned to SOCF. Plaintiff filed these motions requesting his immediate transfer "to a different level 4 facility (or if over crowded to a level 3.)" (Doc. 35, PageID 191). Plaintiff essentially asserted that he feared being further harmed now that he is back at SOCF. (*See Id.* at PageID 189). The Magistrate Judge concluded that Plaintiff was not entitled to preliminary injunctive relief because he had failed to show a likelihood of success on the merits of his constitutional claims, or that he would suffer irreparable harm absent a preliminary injunction. (Doc. 49, PageID 235-236).

Federal Rule of Civil Procedure 65(b) permits a party to seek injunctive relief when the party believes it will suffer immediate and irreparable injury, loss, or damage. Fed.R.Civ.P. 65(b). In determining whether to issue a preliminary injunction, the Court balances the following four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent an injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) whether the public interest is served by issuance of the injunction. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). Preliminary injunctive relief is an extraordinary remedy that should be granted only if the

---

Court does not have personal jurisdiction on these Defendants, *See Allmon v. Bureau of Prisons, et al.*, 2009 U.S. Dist. LEXIS 127183 at *16, USDC (Dist. Colorado, 2009). Under O.R.C. § 109.361, the Ohio Attorney General may appear in any civil action in order to protect the interest of the State even though no request for appearance has been made by the officer or employee. Such appearance does not waive personal service and any defenses available at law. Here, should service upon Defendants Barney and Easter be perfected, the Ohio Attorney General anticipates providing representation under O.R.C. § 109.361." Since then, the Ohio Attorney General has filed an Answer on behalf of Defendants Officer Barney and Officer Easter (Doc. 64).

movant carries his burden of proving that the circumstances clearly demand it. *Id.* at 739.

Plaintiff first objects to the Magistrate Judge's conclusion that Plaintiff failed to demonstrate a substantial likelihood of success on the merits. (Doc. 53, PageID 251). In his reply to his motion for an injunction *pedente lite*, Plaintiff particularly alleged that he was the victim of a sexual assault and retaliation upon his return to SOCF. (Doc. 41). The Magistrate Judge concluded that Plaintiff failed to provide evidence supporting his need for injunctive relief; specifically, he did not provide evidence to "support his allegations that he was the victim of a sexual assault and retaliation upon his return to SOCF." (Doc. 49, PageID 236). Likewise, in his objection, Plaintiff does not provide evidence supporting these allegations. Rather, he provides, for the first time, the unsworn declaration under penalty of perjury of a fellow inmate who apparently witnessed the excessive force alleged by Plaintiff in his initial complaint. (Doc. 53, PageID 254). This unsworn declaration, however, does not support his allegations that he was the victim of a sexual assault and retaliation and thus, does not support his request for injunctive relief.

Plaintiff next objects to the Magistrate Judge's conclusion that Plaintiff failed to show he would suffer irreparable harm absent a preliminary injunction. He argues that "[i]rreparable harm is shown by rospitory [sic] problems, insomnia, halluciation [sic], concentration problems, panic attacks and seizures from being locked in a cell for 24 hour and 45 minutes." (Doc. 53, PageID 252-253). As the Magistrate Judge correctly explained, allegations in a motion do not constitute evidence supporting the need for injunctive relief. Therefore, there is no evidence to support Plaintiff's allegations that he will suffer irreparable harm.

3

Finally, Plaintiff argues that the substantial harm and public interest factors balance in his favor because such relief will correct customary retaliatory practices at SOCF. (*Id.* at PageID 253).

Having reviewed this matter, the Court finds the Magistrate Judge's R&R well-reasoned and correct. The Court sees no evidence that Plaintiff is at risk for future harm or retaliation at SOCF. Accordingly, Plaintiff has not carried his burden of proving that the circumstances in this case clearly demand injunctive relief.

Consistent with the foregoing, Plaintiff's Objections (Doc. 53) are **OVERRULED** and the Magistrate Judge's Report and Recommendation (Doc. 49) is hereby **ADOPTED**. Plaintiff's Motion for an Injunction *pendente lite* (Doc. 35) and Dual Motion for an Emergency Injunction (Doc. 47) are **DENIED**.

**IT IS SO ORDERED.**

 s/*Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court