**UNITED STATES DISTRICT COURT.**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| KELVIN LOVETT ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:15cv024 |
| ) | |
| vs. ) | Judge Michael R. Barrett |
| ) | |
| BRIAN BARNEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## ORDER

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Doc. 131). Defendant Brian Barney and interested party, the State of Ohio (hereinafter collectively referred to as "Defendants") filed their Partial Objection to the R&R (Doc. 132) and Plaintiff filed a response (Doc. 133).

**I.  BACKGROUND**

The Magistrate Judge set forth in great detail the facts of this case. The following is an abbreviated version of the facts as they relate to the instant motion. Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF") brings this *pro se* action against Defendant Correctional Officer Brian Barney and Lt. Robert Setty, both employees at SOCF, pursuant to 42 U.S.C. § 1983 alleging excessive force was used against him in violation of the Eighth Amendment.

Plaintiff's case involves an incident that occurred during recreation time on September 17, 2014. During transport to the recreation cages, inmates wore leg shackles and handcuffs, and were chained together with a chain connected to each set of handcuffs. Once they reached the

1

recreation cages, the chains were removed and the inmates were ordered to proceed toward the available cages. The facts presented by the parties diverge when Plaintiff and Officer Barney turn the corner, outside the view of the prison's security cameras.

Officer Barney attests that Plaintiff turned toward him and attempted to punch him with his right fist, Plaintiff's hands no longer cuffed behind him. When Plaintiff lunged toward him to land the punch, Officer Barney attests that Plaintiff missed and they both fell to the ground. According to Officer Barney, Plaintiff landed on his right side and Officer Barney landed on his left shoulder.

Plaintiff, on the other hand, attests that once he and Officer Barney were out of view, Officer Barney punched him in the face. Then, Officer Barney slammed Plaintiff to the ground. Plaintiff's right side caught his fall because he was still handcuffed and shackled. Once on the ground, Plaintiff attests that Officer Barney again punched him in the face, kicked his ribs, and attempted to yank Plaintiff's handcuffs off of him.

Less than a minute later, Plaintiff and Officer Barney are once against captured on the security cameras, and Officer Barney is seen escorting Plaintiff back to the prison. As Plaintiff, Officer Barney and another officer walk next to the recreation cages, jostling between Plaintiff and Officer Barney ensues. Officer Barney pushes Plaintiff against the fenced wall of the recreation cage.[1] Upon arriving at the segregation building, the parties again begin jostling. At this point, Defendant Lt. Setty takes Plaintiff's other arm, utilizing an escort technique, and he remains in that position for the duration of the walk. When they arrive at the strip search cage, Plaintiff is placed against the wall until the door opens and they enter.

---

[1] Officer Barney argues the Magistrate Judge misinterprets the physical movements of the parties. Officer Barney's objections on this issue are addressed below.

2

Both parties submitted declarations provided by witnesses in support of their positions. In addition, Defendants also filed color photographs of Plaintiff's injuries, as well as the available videotape evidence.

The Magistrate Judge came to two different conclusions with respect to Defendant Barney and Defendant Setty. As for Defendant Barney, the Magistrate Judge concluded that he was not entitled to summary judgment because the facts surrounding the incident as it relates to his conduct are in dispute. The Magistrate Judge concluded that Defendant Setty, however, was entitled to summary judgment.[2]

Officer Barney filed timely objections to the Magistrate Judge's conclusion.

## II. STANDARD

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; see also 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a petitioner appearing *pro se* will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III. ANALYSIS

Officer Barney raises three primary objections. Each is addressed in turn, but are addressed out of order for ease of discussion.

---

[2] Plaintiff did not object to the Magistrate Judge's conclusion with respect to Defendant Setty.

    A.  **Evidence**

        1.  **Videotape Evidence**

Officer Barney acknowledges that the Magistrate Judge set forth a detailed video sequence of events. Nevertheless, Officer Barney objects to the Magistrate Judge's interpretation of the parties' physical movements depicted in the video. The Magistrate Judge described the video in relevant part as follows:

> As plaintiff and the two officers walk next to the recreation cage, defendant Barney pushes plaintiff face first against the fenced wall of the recreation cage. *(See* Lovett 9-17-2014 at 00:00 through 00:25). Plaintiff is turned around to face Officer Barney. He is then turned to again face the recreation cage and is placed face first against the fenced wall of the cage a second time. *(See id.).*

(Doc. 131, PageID 762). Blaming it on the poor quality of the video evidence, Officer Barney argues that when the video is viewed in slow speed, it shows the Magistrate Judge misinterpreted the video. Specifically, Officer Barney explains that the video shows "not only does Officer Barney not push plaintiff face first into the fenced wall of the recreation cage, but plaintiff is seen at 9:12:32 pushing back into Officer Barney and attempting to go into a deadweight sitting position. Thereafter, at 9:12:33, although Officer Barney attempts to turn Plaintiff face forward toward the fence, Plaintiff resists and in fact takes the position where his back is against the fence and he is directly facing Officer Barney. [] In this face forward position, Plaintiff has the ability to head-butt, spit and bit [sic] Officer Barney." (Doc. 132, PageID 780-81). Consequently, Officer Barney argues he was within his authority to use the force he did to regain control of Plaintiff. Officer Barney's objection in this regard is misplaced for a couple of reasons.

First, Officer Barney's different interpretation of the video evidence, as well as his concession that the quality of the video is poor further highlights why he is not entitled to

4

summary judgment. In addition to the Magistrate Judge's and Officer Barney's differing interpretations of the video evidence, Plaintiff also provides an account of what happened; that is, Officer Barney "suddenly turned and rammed [plaintiff] into the steel rec-cages." (Doc. 3 at ¶ 32).

This Court too has reviewed the video evidence. It the undersigned's opinion that it is hard to determine when Plaintiff's back is against the recreation cage and when Plaintiff is facing Officer Barney. And the Magistrate Judge acknowledges that at some point Plaintiff is turned around to face Officer Barney. Thus, the Court cannot conclude that the Magistrate Judge misinterpreted this portion of the video.

Moreover, the video evidence does not show Plaintiff head-butt, spit or bite Officer Barney as Officer Barney argues Plaintiff was capable of doing. In addition, the Court finds that Plaintiff's version of events is not so utterly discredited by the video evidence that no reasonable jury could believe him. *Scott v. Harris*, 127 S. Ct. 1769, 1776 (2007). In fact, Officer Barney did suddenly ram Plaintiff into the steel recreation cages for one reason or another. In short, the video evidence appears to support multiple interpretations, thus creating a genuine issue of material fact. *See id.*

More importantly, the Magistrate Judge's R&R focuses not on the portion of the incident captured on video, but rather, the confrontation between Plaintiff and Officer Barney that occurred outside the view of the security cameras. Thus, what the video evidence depicts is not wholly relevant to the issue before the Court. And as the Magistrate Judge correctly explained, "[f]acts that are not blatantly contradicted by [a video] recording remain entitled to an interpretation most favorable to the non-moving party." *Coble v. City of White House, Tenn.*, 634 F.3d 865, 870 (6th Cir. 2011).

### 2. Medical Evidence

Officer Barney next appears to object to the Magistrate Judge's conclusion that a reasonable jury could find in favor of Plaintiff. (Doc. 131, PageID 767). Officer Barney argues that Plaintiff's allegations do not comport with the objective medical record and thus, no genuine issue of material fact exists. The Court disagrees.

The photographic evidence shows injuries to Plaintiff's wrists, right shoulder and forehead. (*See* DSC00094(2) (wrists), DSC00095(2) (shoulder), DSC00096(2) (forehead). Plaintiff's account of the incident provides explanations for each of these injuries. First, Plaintiff alleges the injury to his right shoulder was caused by Plaintiff being slammed to the ground while still handcuffed and shackled, thus causing his right shoulder to break the fall. (Doc. 3 at ¶ 25). He argues Officer Barney slammed and smashed his face and head into the ground more than one time causing the injury to his forehead. (Id. at ¶ 26). As for the abrasion to his wrist, Plaintiff alleges Officer Barney placed his knee on Plaintiff's neck and attempted to remove Plaintiff's handcuffs. (Id. at ¶ 29). Two inmates who witnessed the altercation, Harold McGrapth and Jason Pope, corroborate Plaintiff's version of events, and submitted declarations to this effect. (Docs. 86-1, 86-3).

Nevertheless, Officer Barney argues the record does not allow a trier of fact to find that Officer Barney was able to get in front of Plaintiff, punch him in the face, slam him to the ground, smash Plaintiff's face into the ground and cause only one singular knot. He also argues other force allegedly used for which Plaintiff now complains, such as kicking him in the ribs and kneeing him in the neck would have caused injuries if Plaintiff's story was true. Finally, Officer Barney argues that Plaintiff is unable to explain under his version of events how Officer Barney's injury to his left shoulder occurred during the incident.

6

Upon review of the evidence, the Court agrees with the Magistrate Judge that there exists conflicting evidence with respect to the type and amount of force used and the extent of the injury inflicted. (Doc. 131, PageID 768). The Court is not convinced that Plaintiff's version of events is blatantly contradicted by the medical record. For example, the Court can envision a scenario where Plaintiff's face being smashed into the ground multiple times in the same place would cause one, large singular knot; or a scenario in which being kicked in the ribs or kneed in the neck would not cause visible injuries. Finally, it is plausible that Plaintiff offers no explanation as to how Officer Barney sustained an injury to his left shoulder simply because Plaintiff is unaware of the injury.

Rather, Officer Barney once again asks the Court to credit his version of events over those of Plaintiff's. While a jury might ultimately find Officer Barney's version of events to be more credible, the questions posed in Officer Barney's objections do not convince the Court that the Magistrate Judge was incorrect to conclude that a jury could find the amount of force used by Officer Barney was excessive. Instead, the questions presented by Officer Barney further demonstrate the existence of disputed issues of material fact. Thus, the Magistrate Judge properly concluded that Officer Barney's motion for summary judgment should be denied.

### B. Qualified Immunity

Because Officer Barney argues Plaintiff's allegations are contradicted by the record, he also argues he is entitled to qualified immunity. Having concluded that the Magistrate Judge correctly found that genuine issues of material fact exist, the Court also finds the Magistrate Judge correctly concluded Officer Barney is not entitled to qualified immunity. As the Magistrate Judge explained, "[i]f there is a genuine issue of fact as to whether an officer's use of force was objectively reasonable, then there naturally is a genuine issue of fact with respect to

whether a reasonable jail official would have known such conduct was wrongful." *Cordell*, 759 F.3d at 588 (quoting *Kostrzewa v. City of Troy*, 247 F.3d 633, 642 (6th Cir. 2001). Accordingly, Officer Barney's objection on this point is not well taken.

### C. Heck v. Humphrey

Finally, Officer Barney objects to the Magistrate Judge's conclusion that the Supreme Court's decision in *Heck v. Humphrey* is not applicable in this case. As the Magistrate Judge explained, a Section 1983 suit is *Heck*-barred if a judgment in a plaintiff's favor would "necessarily" invalidate the plaintiff's conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 487 (2006).

Officer Barney argues that the Magistrate Judge improperly rejected his reliance on *Bell v. Wilkinson*, 145 F. App'x 169, 170 (6th Cir. 2005), an unpublished Sixth Circuit opinion. Contrary to Officer Barney's assertion, however, the Magistrate Judge did not reject Officer Barney's reliance on *Bell* because it was an unpublished opinion. In fact, the Magistrate Judge did not reject it at all. Rather, the Magistrate Judge found the facts in *Bell* inapposite to those presented here.

The Sixth Circuit in *Bell* found that suit was barred when a prisoner's Rules Infraction Board ("RIB") conviction impacted the duration of his confinement. [3] *See id.* The Magistrate Judge concluded that in this case, Plaintiff's claims were not *Heck*-barred because the RIB conviction did not affect the duration of Plaintiff's confinement, but rather, the conditions of Plaintiff's confinement – namely, that Plaintiff was placed in disciplinary control for 15 days and recreation restriction for 60 days. Upon review, the Court agrees with the Magistrate Judge. A suit is barred by *Heck* if it affects the duration of incarceration ordered by the original judgment

---

[3] When the Sixth Circuit decided *Bell* it did not consider *Wilkinson v. Dotson*, 544 U.S. 74 (2005), a United States Supreme Court case decided a few months prior to *Bell*. In *Wilkinson*, the Court further clarified that a suit is barred "if success in that action would necessarily demonstrate the invalidity of confinement or its duration". *Id.* at 82.

of conviction. *See Muhammad v. Close*, 540 U.S. 749, 751-52 (2004) (*per curiam*). Officer Barney has presented no evidence that the incident at issue affected the duration of Plaintiff's sentence imposed as a result of his original conviction. Thus, Officer Barney's objection is without merit.

### IV. CONCLSUION

Consistent with the foregoing, Defendants' Partial Objection to the R&R (Doc. 132) is **OVERRULED** and the Magistrate Judge's R&R (Doc. 131) is **ADOPTED IN ITS ENTIRETY**. Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Doc. 108) is **DENIED**;

2. Defendants' Motion for Summary Judgment (Doc. 127) is **GRANTED** as to Plaintiff's claim against Defendant Setty but **DENIED** as to his claim against Defendant Barney.

**IT IS SO ORDERED.**

    s/*Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court

9