UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KELVIN LOVETT,
    Plaintiff,

vs.

BYRON BARNEY, et al.,
    Defendants.

Case No. 1:15-cv-24
Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF"), brings this pro se prisoner civil rights action under 42 U.S.C. § 1983 alleging that SOCF employees Correctional Officer Brian Barney and Lt. Robert Setty used excessive force against him in September 2014 in retaliation for his use of prison grievance procedures.[1] (Doc. 3). This matter is before the Court on plaintiff's renewed motion for an injunction *pendente lite* (Doc. 135).

In his motion, plaintiff asserts that in February 2017, non-defendants C/O John Doe, C/O Robertson, C/O Ally, Sgt. Chinn, C/O Fry, and Lt. Eaches sexually assaulted and/or used excessive force against him. (*See* Doc. 135 at 2-4). Plaintiff seeks an injunction ordering his transfer to another correctional facility. (*Id.* at 6).

In determining whether to issue a preliminary injunction, the Court must balance the following factors:

1. Whether the party seeking the injunction has a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction would otherwise suffer irreparable injury;

3. Whether an injunction would cause substantial harm to others; and

4. Whether the public interest would be served by issuance of a preliminary injunction.

---

[1] In February 2017, the Court granted defendants' motion for summary judgment as to plaintiff's claim against defendant Setty but denied it as to plaintiff's claim against defendant Barney. (Doc. 134).

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Id.* A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Id.* at 739.

Here, plaintiff is not entitled to a preliminary injunction or temporary restraining order. The purpose of a preliminary injunction is to maintain the relative positions of the parties until proceedings on the merits can be conducted. *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *see also S. Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991). Thus, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). "This is because '[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint.'" *Id.* (quoting *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)). A court may not grant a preliminary injunction when the issues raised in the motion are entirely different from those raised in the complaint. *See Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997); *Omega World Travel, Inc.*, 111 F.3d at 16; *Stewart v. U.S. Immigration & Naturalization Serv.*, 762 F.2d 193, 198-99 (2d Cir. 1985).

In this case, plaintiff's motion is premised on a new claim against parties who are not defendants to this action and over whom this Court does not have jurisdiction. *See, e.g., Shavers v. Bergh*, No. 2:07-cv-171, 2012 WL 1377169, at *2 (W.D. Mich. Mar. 29, 2012) (Report and Recommendation), *adopted*, 2012 WL 1377103 (W.D. Mich. Apr. 19, 2012) ("This court only

2

has jurisdiction over the named defendants and does not have authority to issue an injunction against non-parties to this action."); *Laster v. Pramstaller*, Nos. 06-13508 & 05-71140, 2009 WL 497407, at *2 (E.D. Mich. Feb. 24, 2009) (Report and Recommendation), *adopted*, 2009 WL 790479 (E.D. Mich. Mar. 20, 2009) (finding the court had no power to adjudicate plaintiff's motion for injunctive relief because the court had no personal jurisdiction over non-defendants). Plaintiff's new claim concerning alleged acts of non-defendant correctional officers in February 2017 is entirely separate from the claim that defendant Barney used excessive force against him in September 2014. (*See generally* Doc. 3); *see Kaimowitz*, 122 F.3d at 43; *Omega World Travel, Inc.*, 111 F.3d at 16; *Stewart*, 762 F.2d at 198-99. If plaintiff wishes to contest the alleged February 2017 actions of these non-defendants, he must do so in a new lawsuit.

Based on the foregoing, it is **RECOMMENDED** that plaintiff's renewed motion for an injunction *pendente lite* (Doc. 135) be **DENIED**.

Date: 3/8/17

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KELVIN LOVETT,
    Plaintiff,

vs.

BYRON BARNEY, et al.,
    Defendants.

Case No: 1:15-cv-24
Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).